UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA BURGOS,                      :
   Plaintiff,                        :
                                     :
v.                                   : Civil No. 3:16CV1764 (AWT)
                                     :
NANCY A. BERRYHILL,                  :
ACTING COMMISSIONER OF SOCIAL        :
SECURITY,                            :
   Defendant.                        :

### ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence. See Johnson

v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a mere scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

In order to determine whether a claimant is disabled within the meaning of the Social Security Act, the Administrative Law Judge ("ALJ") must follow a five-step evaluation process. The five steps are as follows: (1) The Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment that "meets or equals" an impairment listed in Appendix 1 of the regulations; if the claimant has one of these enumerated impairments and meets the duration requirements, the Commissioner will find him disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the

2

claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. See 20 C.F.R. § 416.920(a)(4)(i)—(v).

Here, the plaintiff challenges the ALJ's Step Two determination that the plaintiff's back pain did not rise to the level of a medically determinable impairment. The defendant argues that "the ALJ reasonably concluded that the record did not contain sufficient evidence of medical signs, clinical findings, or medical diagnoses to establish the existence of a lumbar spine impairment." Def.'s Mem. to Affirm (Doc. No. 20-1) at 5.

At Step Two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe". See 20 C.F.R. § 416.921. To establish a medically determinable impairment there must be objective medical abnormalities based on medical signs or laboratory findings, including appropriate medical test results. See 20 C.F.R. §§ 404.1528, 416.921. Signs are anatomical or physiological abnormalities which can be observed, medically described and evaluated apart from the plaintiff's statement of symptoms. See 20 C.F.R. 404.1528(b). An

3

impairment is considered "severe" if it "significantly limits the [plaintiff's] ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). "Examples of these include . . . [p]hysical functions such as walking, standing, sitting . . . ." 20 C.F.R. § 404.1521(b)(1).

"[T]he standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014). See also Parker-Grose v. Astrue, 462 F. App'x 16, 17 (2d Cir. 2012) (citing Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995) (citing Bowen v. Yuckert, 482 U.S. 136, 158 (1987) (O'Connor, J., concurring, joined by Stevens, J. ("'Only those [plaintiffs] with slight abnormalities that do not significantly limit *any* 'basic work activity' can be denied benefits without undertaking th[e] vocational analysis.'")) (emphasis added).

"A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its [] limiting effects . . . ." SSA 85-28. "Great care should be exercised in applying" this concept, and [i]f an adjudicator is unable to determine clearly the effects of an impairment . . .

4

the sequential evaluation process should not end" at Step Two. Id.

At Step Two, the ALJ found the following:

> The claimant's alleged back pain does not rise to the level of a medically determinable impairment. The record documents intermittent complaints of back pain without any supporting diagnostic imaging studies (Ex. 11F). Absent objective medical evidence, the claimant's symptoms alone cannot establish the existence of a medically determinable physical or mental impairment. An impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable diagnostic techniques (20 CFR 404.1529 and 416.929 and SSR 96-4p). The claimant's alleged back pain lacks the objective medical support to constitute a medically determinable impairment.

R. at 18.

However, the record reveals that on March 25, 2011 primary care physician Thomas J. Lane diagnosed the plaintiff with "low back pain (likely muscular)" and referred her to a physical therapist for evaluation and treatment. See R. at 667-668. Then, on April 6, 2011 the plaintiff was evaluated by a physical therapist, John van Koetsveld. His findings included a longstanding history of lower back pain, foraminal compression, sacroiliac joint dysfunction with right sacral torsion, signs and symptoms consistent with biomechanical dysfunction of the lumbosacral spine and possible degenerative disc disease of the

5

L5/S1 segment.  See R. at 574[1].  He noted functional limitations with respect to standing, walking, sleeping and with housework, and also noted that the plaintiff reported being "unable to walk" (R. at 676), and "unable to stand for extended periods of time" (R. at 675) but could stand for 30 minutes without increased signs and symptoms (See R. at 574).

On April 11, 2011 a lumbosacral x-ray revealed "[m]arginal osteophytes" at "L3-L4 level anteriorly" (R. at 664) and "[m]inimal degenerative change at L3-L4" (R. at 665).  Then, on April 19, 2011, the plaintiff returned to the physical therapist and the plaintiff was still "unable to stand for extended periods of time".  R. at 675.

The ALJ's conclusion that the plaintiff's alleged back pain did not rise to the level of a medically determinable impairment was based on his evaluation of "the claimant's symptoms alone", which he concluded were insufficient.  In reaching this conclusion, the ALJ either overlooked or ignored the evidence in the record that the plaintiff's back condition had been visualized by diagnostic imaging, and that her claims were consistent with Dr. Lane's low back pain diagnosis and the physical therapist's findings of foraminal compression, sacroiliac joint dysfunction with right sacral torsion, signs

---

[1] This March 6, 2011 "PT Assessment" is signed by the physical therapist but also has an additional signature on a line above the words "Physician Signature".  On remand, the ALJ should clarify whose signature is on that line, given that the opinions of a treating physician and a physical therapist would be weighted differently.

6

and symptoms consistent with biomechanical dysfunction of the lumbosacral spine and possible degenerative disc disease of the L5/S1 segment coupled with the inability to walk or stand for more than 30 minutes without increased signs and symptoms. Although the Commissioner evaluates this evidence at pages 4 and 5 of her memorandum in support of her motion for an order affirming the decision of the Commissioner, the ALJ did not. The Decision does not describe or reference the medical evidence and conclude it is not sufficient; it states that there is none. Given that the standard for a finding of severity at Step Two is *de minimis*, evaluation by the ALJ of this evidence could lead to a finding that the plaintiff has a requisite severe impairment, based in whole or in part on her back pain. See Gardner v. Asture, 257 F. App'x 28, 29 (9th Cir. 2007) (finding "the low bar at step two" cleared where ankle x-rays showed minor arthritic changes and doctors repeatedly noted that the plaintiff reported ankle pain and walked with a limp).

Consequently, the court concludes that this case must be remanded because the ALJ's conclusion at Step Two with respect to the plaintiff's back pain was not the result of proper application of the correct legal principles. The court does not address the plaintiff's remaining arguments because, after evaluating the medical and diagnostic evidence and applying the *de minimis* standard, the ALJ may find that the plaintiff's back

7

pain is a "severe" impairment and would then need to incorporate that finding into the remaining steps in the evaluation process.

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner or in the Alternative Motion for Remand for a Hearing (Doc. No. 17) is hereby GRANTED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 20) is hereby DENIED. This case is hereby REMANDED to the Commissioner for further proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 7th day of March 2018, at Hartford, Connecticut.

                                                                            /s/AWT
                                                  Alvin W. Thompson
                                    United States District Judge